**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| WILLIAM E. KEY JR., AND ALL | § | |
| OTHERS SIMILARLY SITUATED | § | |
| UNDER 29 USC § 216(b) | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | No. 7:16-CV-000318-RAJ-DC |
| | § | |
| PERMIAN POWER TONG, INC. | § | |
| & CURTIS LEMONS, individually, | § | |
|     *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, Permian Power Tong, Inc. ("PPT"), and Curtis Lemons ("Lemons"), collectively referred to herein as "Defendants," file this Original Answer to Plaintiff William E. Key Jr.'s Original Complaint ("Complaint").

### A. ADMISSIONS AND DENIALS

1.    Defendant PPT admits in part and denies in part the allegations in Paragraph 1 of the Complaint.  Specifically, PPT denies that it fails to provide its employees proper overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA").  Defendant Lemons denies the entirety of the allegations in Paragraph 1 of the Complaint.

2.    Defendant PPT denies the first two sentences of Paragraph 2 of the Complaint. Defendant PPT admits the remaining allegations in Paragraph 2 of the Complaint.  Defendant Lemons denies the entirety of the allegations in Paragraph 2 of the Complaint.

3.    Defendants deny the allegations in Paragraph 3 of the Complaint.

4.    Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      Defendant PPT admits the allegation in Paragraph 5 of the Complaint that it employed Plaintiff within the last two years.  Defendant PPT admits that Plaintiff's consent is attached to the Complaint.  Defendant Lemons denies the allegation in Paragraph 5 of the Complaint that they employed Plaintiff within the last two years.  Defendant Lemons admits that Plaintiff's consent is attached to the Complaint.

6.      Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

8.      Defendant Lemons admits the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit that this Court has jurisdiction over claims that involve federal law and the FLSA, but deny that Plaintiff has properly asserted a claim.

10.      Defendants admit venue for the Plaintiff's alleged claims is proper in this District.

11.      Defendants deny the allegations in Paragraph 11 of the Complaint.

12.      Defendants deny the allegations in Paragraph 12 of the Complaint.

13.      Defendants deny the allegations in Paragraph 13 of the Complaint.

14.      Defendants deny the allegations in Paragraph 14 of the Complaint.

15.       Defendants deny the allegations in Paragraph 15 of the Complaint.

16.      Defendants need not admit or deny Plaintiff's statements in Paragraph 16 of the Complaint.

17.      Defendants admit the allegations in Paragraph 17 of the Complaint.

18.      Defendant PPT admits the allegations in Paragraph 18 of the Complaint.  Defendant Lemons denies the allegations in Paragraph 18 of the Complaint.

19.      Defendants deny the allegations in Paragraph 19 of the Complaint.

20.      Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraph 24.

## B. DEFENSES AND AFFIRMATIVE DEFENSES

25.     Plaintiff fails to state a claim upon which relief can be granted.

26.     Plaintiff request for a collective action is invalid because there are no similarly situated persons and Plaintiff is not an adequate representative.

27.     Defendants plead all applicable limitations periods, both as bars to the claims and requests for relief asserted in the Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in this case.

28.     Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages and/or the applicable statute of limitations. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

29.     To the extent liability, affirmative defenses and/or damages, if any, to each member of the alleged group Plaintiff purports to represent are not determined by a single jury or is determined on a group-wide basis, permitting this action to proceed as a collective or class action violates Defendants' rights under the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution.

30.     Plaintiff was paid in conformity with the requirements set forth in the FLSA, because Plaintiff's work was not covered by the minimum and overtime wage requirements of the FLSA.

Specifically, Plaintiff's claims are barred because the work he performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, including, but not limited to the highly compensated, administrative and executive exemptions. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

31.     Plaintiff's alleged injuries were not caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants. This defense also may apply to the claims for some or all of the class of allegedly similarly situated persons.

32.     Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of his stated claims. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

33.     Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

34.     Plaintiff has been paid and/or received all wages due to him by virtue of his employment with Defendant(s). All portions of claims set forth in the complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

35.     Plaintiff's claims have been released and are barred.

36.     Plaintiff's claims are barred by the doctrine of res judicata and claim preclusion. Defendant reserves the right to assert additional defenses or claims which may become known during the course of discovery.

## C. PRAYER

37.     For these reasons, Defendants ask the Court to enter judgment that the Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess cots against Plaintiff, and award Defendants all other relief that the Court deems appropriate.

Respectfully submitted,

ATKINS, HOLLMANN, JONES,
PEACOCK, LEWIS & LYON


By: /s/ Murray A. Crutcher, III
      Murray A. Crutcher, III
      State Bar No. 24028169
      E-mail: tcrutcher@odessalawfirm.com
      3800 East 42nd Street, Suite 500
      Odessa, Texas 79762
      Tel. (432) 331-1600
      Fax (432) 363-1310


**ATTORNEY FOR DEFENDANTS
PERMIAN POWER TONG, INC. &
CURTIS LEMONS, INDIVIDUALLY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 12, 2016, a copy of the Defendants' Original Answer was

electronically filed on the CM/ECF system, which will automatically serve a Notice of

Electronic Filing on the following attorneys in charge for Plaintiff, William E. Key Jr.:

**Jack Siegel**
SIEGEL LAW GROUP PLLC
10440 N. Central Expressway, Suite 1040
Dallas, Texas 75231
Tel.  (214) 790-4454
Fax (469) 339-0204
Email:  jack@siegellawgroup.biz

**J. Derek Braziel**
Email:  jdbraziel@l-b-law.com
**Jesse Hamilton Forester**
Email:  forester@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel.  (214) 749-1400
Fax (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**


                                                    /s/ Murray A. Crutcher, III
                                                    Murray A. Crutcher, III